**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| RAICHEL WHITE, | ) | |
| | ) | Case No. 1:15-cv-00136 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| CAINE & WEINER COMPANY L.L.C., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, RAICHEL WHITE, by and through her attorneys, and for her

Complaint against the Defendant, CAINE & WEINER COMPANY L.L.C., Plaintiff alleges and

states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15

U.S.C. § 1692k(d).   This jurisdiction includes supplemental jurisdiction with respect to any

pendent state law claims.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in Gainesville,

Florida.

5.     On information and belief, Defendant is a limited liability company of the State of Illinois, which is not licensed to do business in Florida, and which has its principal place of business in Schaumburg, Illinois.

## COUNT I

6.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

7.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

8.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

9.     On or about December 31, 2014, Defendant placed a telephone call to, and left an automated voicemail message on, Plaintiff's daughter's telephone, in an attempt to collect the alleged debt.

10.     On or about January 9, 12, 16 and 28, 2015, Defendant placed four more telephone calls to, and left four more automated voicemail messages on, Plaintiff's daughter's telephone, in further attempts to collect the alleged debt.

11.     The aforementioned automated voicemail messages stated that a representative of Defendant, by the name of Kevin, would like to speak to Plaintiff regarding collection of a debt.

12.     Plaintiff's daughter is 15 years old. Plaintiff became very upset and distraught that Defendant repeatedly contacted her 15 year old daughter regarding the alleged debt.

13.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer humiliation, embarrassment, stress, aggravation, emotional distress and mental anguish.

15.     Defendant violated 15 U.S.C. § 1692b(1) by identifying the name of the Defendant company while communicating with a person other than Plaintiff without having been expressly requested to do so.

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.     Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate

## COUNT II

16.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 above as if reiterated herein.

17.     Defendant violated 15 U.S.C. § 1692b(2) by communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.    Any other legal and/or equitable relief as the Court deems appropriate

## COUNT III

18.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 above as if reiterated herein.

19.    Defendant violated 15 U.S.C. § 1692b(3) by communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt without a proper purpose.

WHEREFORE, Plaintiff prays for the following relief:

a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT IV

20.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 above as if reiterated herein.

21.    Defendant violated 15 U.S.C. § 1692c(b) by communicating with a person other than Plaintiff in connection with the collection of the alleged debt without a proper purpose.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT V

22.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 above as if reiterated herein.

23.    Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

24.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 5 and 9 through 14 above as if reiterated herein.

25.    Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

26.    Defendant is a "person" as defined in 47 U.S.C. § 153(39).

27.    On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

28.    On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

29.    On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

30.     Plaintiff did not give Defendant her express consent, invitation or permission to contact her using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message.  In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact her in this manner was terminated and revoked.

31.     Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

32.     Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission violated 47 U.S.C. § 227(b)(1).

33.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

34.     As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

b.     Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

    c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT VII

33.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 5, 9 through 14, and 25 through 32 above as if reiterated herein.

34.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

35.    As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

    b.      Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d.      Any other relief deemed appropriate by this Honorable Court.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.


RESPECTFULLY SUBMITTED,

RAICHEL WHITE

By:    /s/ Robert Bruner
       Attorney for Plaintiff


Robert Bruner
Florida Attorney No. 0065876
Upright Law LLP
261 Pinewood Drive
Tallahassee, FL 32303
(850) 270-0016
robertcbruner@hotmail.com